IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID M. WILLIAMS,               :
                                 :
                 Petitioners,    :
                                 :
      v.                         :        Civil Action No. 22-1432-CFC
                                 :
KOLAWOLE AKINBAYO, Warden, and   :
ATTORNEY GENERAL OF THE          :
STATE OF DELAWARE,               :
                                 :
                 Respondents.    :

---

**MEMORANDUM**

I.     **INTRODUCTION**

In October 1998, a grand jury returned a superseding indictment (consolidating three indictments) charging Petitioner David M. Williams with 14 offenses.  Four of the counts stemmed from Petitioner's arrest on March 25, 1998 for attempting to burglarize a residence in Wilmington, Delaware: two counts of attempted second degree burglary, one count of possession of burglar's tools, and one count of criminal mischief.  On June 24, 1999, the Superior Court severed those four charges from the remaining charges and held a two-day jury trial on those charges.  The jury, however, was unable to reach an unanimous verdict, and Petitioner was retried in August 1999.  Petitioner represented himself during the second trial, and the Superior Court appointed stand-by counsel.  The jury convicted Petitioner of all four offenses.  *See State v. Williams*, 2000 WL 33726917, at *1 (Del. Super. Ct. Jul. 14, 2000).   Sentencing was set for October 8,

1999, and the State filed a motion to have Petitioner sentenced as a habitual offender

for the two counts of attempted second degree burglary. *See id.* at *4; *Williams v.*

*State*, 966 A.2d 349 (Table), 2009 WL 234637, at *1 (Del. Feb. 2, 2009).

On October 7, 1999, Petitioner pled guilty to two of the remaining charges

contained in the superseding indictment – forgery in the second degree and attempted

escape in the third degree – in addition to a new charge of attempted third degree

escape. *See Williams v. State*, 856 A.2d 1067 (Table), 2004 WL 1874693, at *1 (Del.

Aug. 13, 2004); *Williams v. State*, 911 A.2d 804 (Table), 2006 WL 3053265, at *1 n.3

(Del. Oct. 27, 2006); (D.I. 14 at 2 in *Williams v. State*, Civ. A. No. 5-386-GMS).

On October 8, 1999, the Superior Court declared Petitioner to be a habitual

offender for the attempted burglary convictions and sentenced Petitioner, in all his

cases, to a total of 27 years at Level V, suspended after 26 years for one year at Level

IV followed by probation. *See Williams v. Snyder*, 2003 WL 22480168, at *1 (D. Del.

Oct. 27, 2003); *Williams*, 2004 WL 1874693, at *1; *Williams*, 2009 WL 234627, at *1.

Petitioner appealed his convictions and sentences, and the Delaware Supreme Court

affirmed the Superior Court's judgment. *See Williams v. Snyder*, 2003 WL 22480168, at

*1 (D. Del. Oct. 27, 2003).

In 2001, Petitioner filed his first § 2254 petition challenging his 1999 convictions,

which the Honorable Gregory M. Sleet denied as procedurally barred. *See Williams*,

2003 WL 22480168, at *7. In 2005, Petitioner filed a second habeas petition

challenging his 1999 convictions and an alleged violation of probation charge. Judge

Sleet denied the repetitive claims regarding Petitioner's 1999 convictions as second or

2

successive, and denied the claim concerning a violation of probation as lacking in factual support. *See Williams v. Carroll*, 2006 WL 2949303 (D. Del. Oct. 17, 2006). Thereafter, Petitioner filed three more federal habeas petitions – in 2009, 2012, and 2014 – all of which were denied as second or successive. *See Williams v. Phelps*, Civ. A. No. 9-570-GMS, Order (D. Del. Nov. 16, 2009); *Williams v. Phelps*, Civ. A. No. 12-1647-GMS, Mem. & Order (D. Del. July 31, 2013); *Williams v. Pierce*, Civ. A. No. 14-1065-GMS, Mem. & Order (D. Del. Dec. 29, 2017).

　　Sometime around November 2017, Petitioner filed in the Delaware Superior Court a "Request for a Certificate of Eligibility to File Under 11 Del. Code § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d)" (hereinafter referred to as "request for sentence review"). (D.I. 3 at 4; D.I. 3-2 at 1-3); *see also State v. Williams*, 2018 WL 2938313, at *1-2 (Del. Super. Ct. June 8, 2018). In the request for sentence review, Petitioner sought permission to file a petition asking the Superior Court to exercise its jurisdiction to modify his sentence under the recently enacted 11 Del. C. § 4214(f).[1] *See Williams*, 2018 WL 2938313, at *1- 2. The Superior Court denied the request for sentence review on June 8, 2018. *See Williams*, 2018 WL 2938313, at *3. In August 2018, Petitioner filed a Rule 61 motion challenging the Superior Court's denial of his request for sentence review. *See State v. Williams*, 2019 WL 1558580, at *2 (Del. Super. Ct. Apr.

---

[1]Section 4214(f) "permits a defendant sentenced as a habitual criminal before July 19, 2016 'to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section' to petition the Superior Court for sentence modification after the defendant has 'served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense . . . .'" *Williams*, 2018 WL 2938313, at *1.

8, 2019).  The Superior Court denied the Rule 61 motion on April 30, 2019.  *See State v. Williams*, 2019 WL 1983407, at *1 (Del. Super. Ct. Apr. 30, 2019).  Sometime after April 2019, Petitioner filed a Rule 35 motion challenging his sentence under 11 Del. Code § 4217(b).  *See Williams v. State*, 261 A.3d 1282 (Table), 2021 WL 4272908, at *1 (Del. Sept. 20, 2021).  The Superior Court construed the motion as a request for a reduction of sentence under Rule 35(b), and denied the motion as time-barred, duplicative, and procedurally defective.  *See id*.  Petitioner appealed.  In September 2021, the Delaware Supreme Court affirmed the Superior Court's decision and also held that, to the extent Petitioner was seeking correction of an illegal sentence under Rule 35(a), Petitioner failed to establish that his sentence was illegal.  *See id.*

Meanwhile, in June 2018, Petitioner filed in this Court a sixth petition for writ of habeas corpus ("2018 Petition") asserting six grounds for relief.  (*See* D.I. 3 in *Williams v. Metzger*, Civ. A. No. 18-922-CFC)  Claim One alleged that Petitioner's conviction and/or sentence for escape should be withdrawn and also that his discretionary sentences should be reduced by applying earned good-time credits.  (*See* D.I. 3 in *Williams*, Civ. A. No. 18-922-CFC)  Claims Two, Three, Four and Six alleged ineffective assistance of counsel, and Claim Five alleged that the Superior Court erred in denying Petitioner's request for sentence review under 11 Del. Code § 4217.  (*See id.*)  In January 2019, the Court dismissed Claims One, Two, Three, Four, and Six of the 2018 Petition without prejudice for being unexhausted, and dismissed Claim Five for failing to assert an issue cognizable on federal habeas review.  (*See* D.I. 5 in *Williams*, Civ. A. No. 18-922-CFC)

4

In January 2020, Petitioner filed in this Court a seventh habeas petition and an amendment to the seventh petition (hereinafter referred to as "2020 Petition"). (*See* D.I. 3 and D.I. 6 in *Williams v. May*, Civ. A. No. 20-13-CFC) The 2020 Petition presented the following grounds for relief: (1) the Superior Court erred in denying his request to reduce his discretionary sentences via the application of earned good-time credits and in denying his request to withdraw/reduce his escape sentence because the escape statute was repealed (D.I. 3 at 5 in *Williams v. May*, Civ. A. No. 20-13-CFC ); (2) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by refusing to file a request for sentence modification/reduction based on the repealed escape statute issue (D.I. 3 at 7 in *Williams v. May*, Civ. A. No. 20-13-CFC); (3) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by filing the "wrong 4214" (D.I. 3 at 8-9 in *Williams v. May*, Civ. A. No. 20-13-CFC); (4) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by filing a response to the Superior Court with the wrong inmate's name on it (D.I. 3 at 10 in *Williams v. May*, Civ. A. No. 20-13-CFC); (5) the Delaware Superior Court erred in denying his request for sentence review (D.I. 3 at 4); (6) the public defender assigned to his case provided ineffective assistance during the request for sentence review proceeding (D.I. 3 at 13-14 in *Williams v. May*, Civ. A. No. 20-13-CFC); and (7) the Superior Court erroneously refused to award him presentence credit for the 192 days he served in custody from April 1, 1999 to October 8, 1999 (D.I. 6 at 5 in *Williams v. May*, Civ. A. No. 20-13-CFC).  The Court dismissed

5

Claims One, Two, Three, Four and Six without prejudice for being unexhausted, and denied Claims Five and Seven for failing to assert cognizable issues on habeas review. (*See* D.I. 8 at 8-10 in *Williams v. May*, Civ. A. No. 20-13-CFC)

In October 2022, Petitioner filed the § 2254 Petition presently pending before the Court, with an Administrative Warrant attached as an exhibit. (D.I. 2; D.I. 2-1) According to the Administrative Warrant, Petitioner signed out of the Plummer Community Center on June 23, 2022 to begin work as part of the Level IV portion of his sentence, but did not return on the following day as required. (D.I. 2-1 at 1)  As a result, he was charged with escape after conviction. (*Id.*)  Petitioner was apprehended on June 28, 2022, and was charged with four additional charges: resisting arrest, drug dealing, possession, and carrying a concealed danger instrument. (*Id.*)  All five charges constitute violations of Petitioner's conditional release. (*Id.*)

## II.    STANDARD OF REVIEW

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.  Additionally, a petitioner may not file a second or successive habeas petition and/or claim without first obtaining authorization from the appropriate court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254.  A petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).  Rather, a habeas petition is classified as second or successive within the meaning of  28 U.S.C. § 2244 if

6

a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff,* 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III.   DISCUSSION

The instant Petition asserts four grounds for relief. Claims One, Two, and Three challenge the validity of the violations of Petitioner's conditional release that occurred in June 2022, and Claim Four appears to challenge the validity of his 1999 conviction for escape and the validity of the violations of his conditional release that occurred in June 2022. (D.I. 2) More specifically, the Claims assert: (1) the Delaware Superior Court lacks jurisdiction over Petitioner's pending violations of conditional release (D.I. 2 at 5); (2) the Superior Court has not ruled on his motion to dismiss his June 2022 charge for escape after conviction for lack of indictment (D.I. 2 at 7); (3) the Administrative Warrant contains several charges for which Petitioner was never arrested, and the Board of Parole has not responded to Petitioner's requests for a hearing on those charges (D.I. 2 at 8-10); and (4) Petitioner's 1999 conviction for escape is invalid because there was no indictment, and only the Board of Parole has jurisdiction to violate his conditional

7

release with respect to the sentence imposed for his 1999 escape conviction (D.I. 2 at 11-12).

Petitioner's June 2022 violation of probation charges were still pending when he filed the instant Petition. Distilled to their core, Claims One, Two, Three, and the second sub-argument of Claim Four challenge the Superior Court's jurisdiction over those violation of probation charges and contend that only the Delaware Parole Board can violate a conditional release. This state law issue is not cognizable on federal habeas review. *See e.g., Jones v. Carroll*, 388 F. Supp. 2d 413, 420-21 (D. Del. 2005) (claims challenging Delaware Superior Court's jurisdiction are not cognizable on federal habeas review). Accordingly, the Court will summarily dismiss Claims One, Two, Three, and the second sub-argument of Claim Four for failing to assert a proper issue for federal habeas review.

The first sub-argument of Claim Four – which challenges the validity of the indictment related to Petitioner's 1999 conviction for escape – constitutes a second or successive habeas request.[2] Since there is no indication that the Third Circuit Court of Appeals authorized the filing of Claim Four's first sub-argument, the Court will dismiss that sub-argument for lack of jurisdiction.[3] *See* Rule 4 of the Rules Governing Section

---

[2]The first sub-argument of Claim Four is a second or successive habeas request because Petitioner challenged his 1999 convictions in his earlier petitions, those challenges were denied on the merits, and Petitioner either raised or could have raised the instant challenge to the 1999 indictment.

[3]Nothing in the first sub-argument of Claim Four comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Therefore, the Court concludes that it would not be in the interest of justice to transfer Claim Four's first sub-argument to the Third Circuit.

2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV.    CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition.  The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order follows.

Dated:  December 1, 2023

_____
Colm F. Connolly
Chief Judge